**Roy SIMPSON, Plaintiff–Appellant,**

v.

**CNA INSURANCE COMPANIES and Transportation Insurance Company, Defendants–Appellees,**

**The Glen Falls Insurance Company, Defendant.**

**Docket No. 01–7280.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2002.

Robert Ortiz, Binder & Binder; Harry J. Binder, on the brief, Hauppauge, NY, for plaintiff-appellant.

Christine Malafi, Lewis, Johs, Avallone, Aviles & Kaufman, LLP, Melville, NY, for defendant-appellee.

Present: POOLER, SOTOMAYOR, Circuit Judges, LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff Roy Simpson appeals from the February 15, 2001, judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, Judge) dismissing his lawsuit after a jury verdict in favor of defendant CNA Insurance Companies, et al. (collectively, "CNA"). CNA issued a homeowner's insurance policy to Simpson. The policy was in effect in September 1994, when a fire substantially damaged Simpson's home and its contents.

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

Simpson filed a claim under the policy, and after some negotiation CNA agreed to pay Simpson $121,722.59 for his real property, subject to a $14,057.61 "holdback" to be paid to Simpson after he completed repairs. With respect to Simpson's personal property, CNA agreed to pay him $79,555.30, subject to a $20,542.56 holdback to be paid after Simpson replaced the property. Simpson signed and submitted sworn proof of loss forms to CNA conforming with the negotiated values. Simpson, a contractor who performed much of the work himself, completed repairs to his home in approximately 1998. However, CNA refused to pay Simpson either the real or personal property holdbacks, claiming that Simpson failed to prove that he actually made repairs or replacements costing more than what the insurer already paid. In March 2000, Simpson filed a lawsuit in federal court to, among other things, recover the holdback amounts. A jury trial took place in February 2001. The jury answered a three-question verdict sheet, finding (1) in Question 1 that Simpson and CNA reached a settlement agreement regarding damage to the house and its contents "that constituted a new agreement between the parties;" and (2) in Questions 2 and 3 that Simpson failed to prove that he actually spent or incurred the holdback amounts in addition to funds he already received to repair the home or replace its contents. The district court accordingly entered judgment in favor of defendants, and plaintiff appeals.

On appeal, Simpson argues that the district court's instructions to the jury and verdict sheet were erroneous. According to plaintiff, once the jury found in Question 1 that a new agreement existed between the parties based on their negotiations, it was error for the district court to dictate the terms of the new agreement in its instructions or verdict sheet rather than

let them determine the terms. In addition to opposing this contention, CNA argues on appeal that it was entitled to judgment as a matter of law because there was no evidence of a new agreement and the insurance policy contained a two-year statute of limitations that plaintiff clearly failed to meet. We review these issues of law *de novo*, and upon careful examination of the record affirm the judgment below. In particular, we have considered all of plaintiff-appellant's arguments and find none sufficient to warrant reversal.